# In the United States Court of Federal Claims

No. 23-782

(Filed: September 13, 2023)

(NOT TO BE PUBLISHED)

|  |  |
|---|---|
| **LANCE DOUGLAS ROARK**, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES**, | ) ) ) |
| Defendant. | ) ) ) ) |

Lance Douglas Roark, *pro se*, Blue Jacket, OK.

Stephen J. Smith, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. Appearing with him on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, Patricia M. McCarthy, Director, and Douglas K. Mickle, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## ORDER FOR DISMISSAL

LETTOW, Senior Judge

Mr. Lance Douglas Roark filed a complaint in this court on May 30, 2023, Compl., ECF No. 1, and subsequently moved to amend his complaint twice. Mot. the court to allow pl. to amend the original filing ("First Mot. to Amend Compl."), ECF No. 7[1]; Mot. the court to ignore the lack of formality in this filing, to accept this filing, and to amend previously submitted accusations ("Second Mot. to Amend Compl."), ECF No. 11.[2]

---

[1] In this filing, Mr. Roark also moves the court to show "the cause that resulted in this matter being adjudicated so far from where the offense took place," Craig County, Oklahoma. First Mot. to Amend Compl. at 2. Mr. Roark attempted to select this court as the forum for resolving this matter by filing his complaint with this court.

[2] Mr. Roark concludes this filing by asking the court to enter judgment in his favor. *See* Second Mot. to Amend Compl. at 3.

In these filings, Mr. Roark alleges the government violated the Freedom of Information Act ("FOIA"), the Privacy Act, the Violent Crime Control and Law Enforcement Act of 1994, various provisions of the federal criminal code, and numerous constitutional provisions. *See generally* Compl. at 1-2; First Mot. to Amend Compl. at 1; Second Mot. to Amend Compl. at 1-3. Specifically, he alleges the Social Security Administration refused to provide him with various records, Compl. at 1-2, and describes actions he alleges the United States took in various civil, criminal, and traffic court proceedings, Second. Mot. to Amend Compl. at 1-2. He asks this court to award him "the maximum fine imposable, eight times over for the members of my family . . . and then two times over for the illicit pecuniary gains" that he alleges the government accrued by its actions. Second Mot. to Amend Compl. at 2; *see also* First Mot. to Amend Compl. at 1 (requesting a total of $8 million for members of his household). Elsewhere he requests $3,500 for each month the Social Security Administration refused to produce his records. Compl. at 2.

On July 31, 2023, the government moved to dismiss Mr. Roark's complaint, arguing he fails to state a claim and to establish this court's subject matter jurisdiction. Def.'s Mot. to Dismiss Pl.'s Compls. ("Def.'s Mot.") at 4-8, ECF No. 12. It further contends his Privacy Act and FOIA claims are moot because the records he requested have been provided. *Id.* at 9. Mr. Roark has failed to respond to the government's motion, and the deadline for doing so passed on August 31, 2023. *See* Rule 7.2(b)(1) of the Rules of the Court of Federal Claims ("RCFC") (requiring responses to motions under RCFC 12(b) to be filed "within 28 days after service of the motion"); RCFC 6(d) (adding three days to all deadlines when service is made by mail).

## STANDARDS FOR DECISION

The court must dismiss claims over which it lacks subject-matter jurisdiction. *See* RCFC 12(b)(1); RCFC 12(h)(3). A plaintiff must establish the court's subject-matter jurisdiction over his claim by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). *Pro se* plaintiffs' filings are construed "liberally" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), but this leniency "with respect to mere formalities does not relieve them of jurisdictional requirements." *Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020).

Under the Tucker Act, this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Because the Tucker Act does not establish substantive rights a plaintiff must "identify a substantive right for money damages against the United States separate from the Tucker Act itself." *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004).

## DISCUSSION

### A. Claims Alleging Violations of the Privacy Act and FOIA

Mr. Roark's claims under the Privacy Act and FOIA arise from his request for information from the Social Security Administration on March 21, 2022. He alleges the government violated these acts by denying him access to the requested information and imposing a $20.00 fee based on his request. Compl. at 1-2. In response, the government represents that "the responsible servicing field office mailed Mr. Roark the responsive records on July 26, 2023," thereby mooting Mr. Roark's claims. Def.'s Mot. at 9. The government also contests this court's jurisdiction over Mr. Roark's Privacy Act and FOIA claims. *Id.* at 6.

"The Federal Circuit has clearly held . . . that this court lacks jurisdiction to consider Privacy Act claims." *Ghaffari v. United States*, 125 Fed. Cl. 665, 667 (2016). This court likewise lacks subject-matter jurisdiction over claims arising under FOIA. *See Frazier v. United States*, 683 F. App'x 938, 940 (Fed. Cir. 2017).

Mr. Roark's claims arising under FOIA and the Privacy Act are dismissed because his claim was mooted as of July 26, 2023, and he fails to identify a specific money-mandating statute within the Privacy Act or FOIA.

### B. Claims Alleging Criminal Violations

Mr. Roark alleges the government violated various provisions of the United States criminal code by "knowingly conceal[ing] any record with the intent to influence the administration of any matter," Compl. at 1, by "conceal[ing] any record with the intent to do so in any public office," First Mot. to Am. Compl. at 1, and by "devis[ing] a scheme or artifice to defraud," Second Mot. to Am. Compl. at 2.

Claims based upon criminal violations are beyond this court's subject-matter jurisdiction. *Dziekonski v. United States*, 120 Fed. Cl. 806, 811 (2015). Accordingly, Mr. Roark's claims alleging violations of criminal law are dismissed.

### C. Claims Alleging Constitutional Violations

Plaintiff alleges the United States violated various provisions of Amendments contained in the Bill of Rights. He argues the government violated the Second Amendment by requiring him to submit to background checks and by limiting which weapons he can purchase and where he can carry them, and that it violated the Third Amendment "by allowing [his] wife to accuse [him] of CIVIL INFRACTIONS when the STATUTES of a CORPORATION do not apply to a man." Second Mot. to Am. Compl. at 1. He further accuses the United States of "only using [his] statements made to GOVERNMENT OFFICIALS against [him]" in violation of the Fifth Amendment; of violating the Eighth Amendment by "imposing excessive fines" and "cruel and unusual punishment" in the form of automobile registration and marriage certificate requirements; and of violating the Sixth Amendment by "failing to inform [him] of the nature of the charges" brought against him in traffic court. Second Mot. to Am. Compl. at 1-2.

Neither the Fifth Amendment's Due Process Clause nor the Second, Fourth, Sixth, Eighth, nor Ninth Amendments contains a money-mandating provision, so this court lacks jurisdiction over claims brought pursuant to these provisions. *Jordan v. United States*, 128 Fed. Cl. 46, 53 (2016) (holding this court lacks jurisdiction over Second Amendment claims "because the Second Amendment is not money-mandating"); *Mahoney v. United States*, 129 Fed. Cl. 589, 592 (2016) ("It is well established that neither the First nor the Fourth Amendment is a money-mandating provision of the Constitution."); *Turpin v. United States*, 119 Fed. Cl. 704, 707 (2015) ("[I]t is well established that the Fifth Amendment Due Process Clause and the Sixth Amendment are not money-mandating sources that provide the Court with jurisdiction over a complainant's claims."); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment."); *Roberson v. United States*, 115 Fed. Cl. 234, 240 (2014) ("[T]he Ninth Amendment does not provide for the payment of money damages, and thus this court lacks jurisdiction over plaintiff's claims pursuant to that Amendment.").

This court lacks jurisdiction over Mr. Roark's constitutional claims. Because his claim concerning his wife's accusations of civil infractions has no relation to the Third Amendment's prohibition on quartering soldiers, dismissal of this claim is warranted. *See* U.S. Const. amend. III. His allegations concerning the Second, Fourth, Sixth, Eighth, and Ninth Amendments in the Bill of Rights fail to establish this court's jurisdiction because these Amendments do not mandate the payment of money when violated. Finally, while the Fifth Amendment's takings clause is money-mandating, Mr. Roark's claims arise under the Due Process Clause, which is not money-mandating. Mr. Roark has failed to establish this court's jurisdiction over his constitutional claims.

## CONCLUSION

Accordingly, the government's motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction is **GRANTED**. Plaintiff's First and Second Motions to Amend his Complaint, ECF Nos. 7 and 11, are **DENIED**.

The Clerk shall dismiss plaintiff's complaint with prejudice for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment in favor of the defendant.

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge